Thomas C. Scannell (TX 24070559)
tscannell@gardere.com
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: (214) 999-4289
Facsimile: (214) 999-3289

ATTORNEYS FOR RREF CB SBL ACQUISITIONS, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Chapter 11 |
| MIS TRES PROPERTIES, LLC, § | |
| 291 Windmill Ranch Road § | Case No. 15-50356-CAG |
| Spring Branch, Texas 78070, § | |
| § | |
| Debtor. § | |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### AND WAIVER OF THE THIRTY-DAY HEARING REQUIREMENT

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

RREF CB SBL Acquisitions, LLC ("**Movant**"), a secured creditor in the above-captioned bankruptcy case, hereby files this *Motion for Relief from the Automatic Stay and Waiver of the Thirty-Day Hearing Requirement* (the "**Motion**"). Movant respectfully requests an order from the Court authorizing Movant's collection efforts against certain property under the terms of Movant's loan documents and applicable non-bankruptcy law. In support of the Motion, Movant respectfully states as follows:

# I.
# JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. The predicates for the relief requested herein are 11 U.S.C. §§ 105, 361, and 362(c), (d), (j), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and L. Rule 4001 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas ("**Bankruptcy Local Rules**"). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

# II.
# BANKRUPTCY

2. On February 3, 2015 (the "**Petition Date**"), Mis Tres Properties, LLC ("**Debtor**") filed a voluntary petition for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

3. There are no committees appointed in this case. There is no chapter 11 trustee appointed in this case. The Debtor is a Debtor-in-Possession under 11 U.S.C. §§ 1107, 1108.

4. This case is not designated as a small business Chapter 11 case.

# III.
# BRIEF IN SUPPORT OF MOTION

5. Movant has filed its *Brief and Memorandum of Law in Support of Motion for Relief from the Automatic Stay and Waiver of the Thirty-Day Hearing Requirement* (the "**Brief**") contemporaneously herewith in support of this Motion. The Brief sets forth the detailed factual allegations, applicable legal authority, and analysis of same in support of the relief requested in this Motion.

## IV.
## SUMMARY OF ARGUMENT & AUTHORITY

6. Debtor owns no interest in Movant's collateral located in Comal County, Texas, or in Movant's collateral located in Hidalgo County, Texas. Accordingly, such properties are not property of Debtor's bankruptcy estate. Thus, these properties are not subject to the automatic stay in this case. Movant requests an order from the Court pursuant to 11 U.S.C. §§ 362(c)(1), (j) confirming the same and permitting Movant's state law collection actions against such property.

7. Debtor is obligated to Movant in the amount of $932,669.41 (the "**Claim**"). The Claim is comprised of five (5) separate loans. The Claim is secured by certain real property owned by Debtor located in Brooks County, Texas ("**Brooks Real Property**"). There is no equity in the Brooks Real Property. The Brooks Real Property is not necessary to an effective reorganization in this case because Debtor cannot recover any value for the benefit of the estate. Furthermore, Movant's security interest in the Brooks Real Property is not adequately protected. Debtor is incapable of providing Movant with any form of adequate protection.

8. Debtor filed this case with lack of good faith. Debtor has no employees. Debtor is not operating. Debtor has no cash flow. Debtor generates no revenue. Movant's collateral is not income producing. Movant's collateral is Debtor's only asset. There are few unsecured creditors, and their claims are small. Debtor has no strategy or timeframe to implement a plan of reorganization in this case. Debtor filed this case as a form of last resort to avoid Movant's state law collection proceedings.

9. Based on these facts, Movant is entitled to relief from the automatic stay under 11 U.S.C. §§ 362(d)(1), (2).

## V.
## RELIEF REQUESTED

**WHEREFORE**, Movant respectfully requests that this Court enter an order granting the following relief:

(A)  that the automatic stay does not prohibit Movant from pursuing any and all collection remedies against the Comal Real Property and the Hidalgo Real Property to the extent available under applicable non-bankruptcy law to the exclusion of the Debtor and other creditors;

(B)  that the automatic stay be immediately terminated as to Movant, its successors or assigns, to permit any and all collection remedies against the Brooks Real Property to the extent available under applicable non-bankruptcy law to the exclusion of the Debtor and other creditors;

(C)  alternatively, to the extent the Court does not order the relief set forth in Subsections (A) and (B) hereinabove, that Debtor be ordered to provide Movant with adequate protection consisting of (i) proof of current, enforceable casualty insurance coverage against the Brooks Real Property and the Hidalgo Real Property, and (ii) monthly payments of not less than the aggregate amount of $4,172.38, comprising (a) the combined monthly accrual of interest under the Indebtedness at the respective applicable non-default rates ($3,126.38) plus (b) the combined monthly accrual of estimated 2015 ad valorem property tax assessments against the Collateral ($1,046.00);

(D)  that Movant may immediately enforce and implement its collection rights as to the Collateral and that the Provision of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall not impede the enforcement and implementation of such rights; and

(E)  that the Court grant such other and further relief as is just and equitable.

[*Signature page follows*]

Dated: April 30, 2015

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

*/s/ Thomas Scannell*
Robert T. Slovak (TX 24013523)
Rachel Kingrey (TX 24068616)
Thomas Scannell (TX 24070559)
Matthew Pyeatt (TX 24086609)
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214-999-4685
Facsimile: 214-999-3685
rslovak@gardere.com
rkingrey@gardere.com
tscannell@gardere.com
mpyeatt@gardere.com

**ATTORNEYS FOR RREF CB SBL ACQUISITIONS, LLC**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he spoke with Debtor's counsel via telephone on April 29, 2015 regarding the relief requested in this Motion. The Debtor is opposed to the relief requested in this Motion. Although the parties are unable to reach an agreement regarding the relief requested in this Motion at this time, the parties will endeavor to continue good faith discussions regarding a resolution of the relief requested in this Motion.

*/s/ Thomas Scannell*
Thomas Scannell

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 30, 2015, a true and correct copy of the foregoing document was served on the parties set forth in the attached service list via the method set forth therein.

*/s/ Thomas Scannell*
Thomas Scannell

## **Service List**

| | | |
|---|---|---|
| Mis Tres Properties, LLC<br>c/o counsel of record via ECF:<br>William R. Davis, Jr.<br>Langley & Banack, Inc<br>745 E Mulberry Ave, Suite 900<br>San Antonio, TX 78212<br>(210) 736-6600<br>Fax : (210) 735-6889<br>Email: wrdavis@langleybanack.com | Jaime Garcia<br>c/o counsel of record via ECF:<br>William R. Davis, Jr.<br>Langley & Banack, Inc<br>745 E Mulberry Ave, Suite 900<br>San Antonio, TX 78212<br>(210) 736-6600<br>Fax : (210) 735-6889<br>Email: wrdavis@langleybanack.com | Anastacia Garcia<br>c/o counsel of record via ECF:<br>William R. Davis, Jr.<br>Langley & Banack, Inc<br>745 E Mulberry Ave, Suite 900<br>San Antonio, TX 78212<br>(210) 736-6600<br>Fax : (210) 735-6889<br>Email: wrdavis@langleybanack.com |
| United States Department of Justice<br>Office of the United States Trustee<br>Judy A. Robbins<br>United States Trustee<br>c/o James W. Rose, Jr.<br>Trial Attorney<br>615 E. Houston, Room 533<br>San Antonio, TX 78205<br>Via First Class Mail | Miguel Chacon Farias and<br>Sandra Luz Vargas Valencia<br>3209 Violet Ave.<br>McAllen, TX 78504-3666<br>Via First Class Mail | Brooks County<br>c/o counsel of record via ECF:<br>austin.bankruptcy@publicans.com |
| Hidalgo County<br>c/o counsel of record via ECF:<br>austin.bankruptcy@publicans.com | Cathy C. Talcott<br>Tax Assessor/Collector<br>Comal County Tax Office<br>P.O. Box 659480<br>San Antonio, TX 78265-9480<br>Via First Class Mail | Luis M. Farias Soto<br>3209 Violet Ave.<br>McAllen, TX 78504-3666<br>Via First Class Mail |
| Jose Antonio Chacon Farias<br>3209 Violet Ave.<br>McAllen, TX 78504-3666<br>Via First Class Mail | | |

Gardere01 - 6567576v.2

MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND WAIVER OF THE THIRTY-DAY HEARING REQUIREMENT – SERVICE LIST